# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. BROWN, | ) 1:06cv00789 OWW DLB |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| v. | ) WITH LEAVE TO AMEND |
| PLACEMENT PROS, VEDIOR NORTH AMERICA, | ) |
| Defendants. | ) |

Plaintiff Timothy P. Brown ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint alleging discrimination under Title VII of the Civil Rights Act of 1964 on June 21, 2006. Plaintiff alleges that he was discriminated against based on his race because Defendants Placement Pros and Vedior North America ("Defendants") refused to find him employment.

## DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff, who is Caucasian, alleges that he was discriminated against on account of his race. He explains that he registered with Defendant Placement Pros in July 2004, hoping to find work in a packing house, work for which he has 15 years' experience. He noticed that two or three of the office workers in Placement Pros' Orange Cove office were Hispanic females, and that Hispanic individuals were routinely being placed in packing house positions while he was repeatedly passed by.

In February 2005, Plaintiff contacted Placement Pros' Exeter office in an attempt to find work. On March 8, 2005, he spoke with Lydia, who told him to go to Boman Packing as soon as possible. He showered and walked there in about 10-15 minutes. When he arrived, Marge, the floor lady, told him to go to Placement Pros' Orange Cove office to complete paperwork. He did, but was told to fill out another application. When he asked if he could return to Boman packing, he was told that Placement Pros has a policy that if an individual hasn't worked in the past six months, they cannot be placed. He was told to go home.

When Plaintiff returned to his parents' home, where he lives, his father told him that Lydia called 10-15 minutes after the "job offer", and said that Plaintiff did not arrive at Boman Packing in time and they were sending someone else over. Plaintiff phoned Lydia, who confirmed the existence of the policy and stated that there was nothing Placement Pros could do for him. Plaintiff states that Lydia did not say anything to him about not arriving on time, and in any event, he was not late.

Plaintiff seeks back pay, a job similar to the one he was denied, and compensatory and punitive damages.

C.   Legal Standard Under Title VII

Title VII of the Civil Rights Act of 1964 provides as follows:

(b) Employment agency practices

It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

42 U..S.C. § 2000e-2(b).

To state a prima facie case, Plaintiff must show that (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons of his qualifications. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Plaintiff's allegations of racial discrimination do not satisfy the requirements of Rule 8.

Although Plaintiff mentions his race and that of other individuals in his complaint, he does not provide enough information to give fair notice to the Defendants as to his exact claim. As explained above, Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support his claim. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).

      Here, Plaintiff merely states that (1) he noticed that two or three of the office workers at Placement Pros' Orange Cove office were Hispanic; and (2) as time went on, he became aware that Hispanics were being placed to work in packing house positions while he was passed by. Plaintiff does not allege that the March 2005 incident, upon which he seems to base his allegations, had anything to do with race. Indeed, Plaintiff appears to acknowledge this insufficiency by stating that through the discovery process, "I will try to produce evidence of Hispanics being placed into one packing house or another, over a time period of eight or nine months and I was not placed and not placed." Complaint, at 4.

      It may be that Plaintiff is attempting to plead a cause of action for racial discrimination based on a course of events, rather than on the March 2005 event. However, Plaintiff's intent is not clear from the Complaint and the Court is unable to further analyze the allegations.

      Therefore, Plaintiff will be granted the opportunity to amend his Complaint to fix the above deficiencies. Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

      Accordingly, IT IS HEREBY ORDERED that:

      1.      Plaintiff's Complaint is dismissed with leave to amend; and

      2.      Plaintiff may file an amended complaint within thirty (30) days of the date of

1 | service of this order.  Plaintiff's complaint should be clearly titled, "First
2 | Amended Complaint," and shall refer to the case number assigned to this action.
3 | If Plaintiff does not file an amended complaint within this time frame, the Court
4 | will recommend that this action be dismissed.

IT IS SO ORDERED.

Dated:   **June 28, 2006**                           **/s/ Dennis L. Beck**
3b142a                                             UNITED STATES MAGISTRATE JUDGE