# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY P. BROWN, | ) | 1:06cv00789 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING PLAINTIFF TO FILE USM-285 FORMS |
| v. | ) | |
| PLACEMENT PROS, VEDIOR NORTH AMERICA, | ) | |
| Defendants. | ) | |

Plaintiff Timothy P. Brown ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint alleging discrimination under Title VII of the Civil Rights Act of 1964 on June 21, 2006. Pursuant to the Court's June 29, 2006, order, Plaintiff filed an amended complaint on July 27, 2006. Plaintiff alleges that he was discriminated against based on his race because Defendants Placement Pros and Vedior North America ("Defendants") refused to find him employment.

## DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

1

1  from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state
2  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
3  cured by amendment.
4       In reviewing a complaint under this standard, the Court must accept as true the allegations
5  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
6  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
7  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
8  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
9  B.    Analysis
10      In his amended complaint, Plaintiff alleges that Defendants discriminated against him
11 because of his race.  He alleges that he is Caucasian and is qualified for placement in a packing
12 house, yet has been repeatedly passed over in favor of Hispanic individuals.
13      The complaint appears to state a cause of action pursuant to Title VII of the Civil Rights
14 Act of 1964.  Accordingly, IT IS HEREBY ORDERED that:
15      1.    Service is appropriate for the following Defendants:
16            Placement Pros
17            Vedior North America
18      2.    The Clerk of the Court shall send Plaintiff two USM-285 forms, two summons, an
19            instruction sheet and a copy of the amended complaint filed July 27, 2006.
20      3.    Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete
21            the attached Notice of Submission of Documents and submit the completed
22            Notice to the Court with the following documents:
23            a.    Completed summons;
24            b.    One completed USM-285 form for each Defendant listed above; and
25            c.    three copies of the endorsed amended complaint filed July 27, 2006.
26      4.    Plaintiff need not attempt service on Defendants and need not request waiver of
27            service.  Upon receipt of the above-described documents, the Court will direct the
28            United States Marshal to serve the above-named Defendants pursuant to Federal

1       Rule of Civil Procedure 4 without payment of costs.

2    5. <u>The failure to comply with this Order will result in a Recommendation that this

3       action be dismissed.</u>

4   IT IS SO ORDERED.

5     **Dated:**   **August 9, 2006**                **/s/ Dennis L. Beck**
  3b142a                                         UNITED STATES MAGISTRATE JUDGE